UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VINCENT LIGGIO**,

        Plaintiff,

v.

**UNITED RECOVERY SYSTEMS, L.P.**
**(a limited partnership)**,

        Defendant.
_____/

## COMPLAINT
## JURY TRIAL DEMANDED

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, VINCENT LIGGIO, is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

4. Defendant, UNITED RECOVERY SYSTEMS, L.P., is a foreign limited partnership and citizen of the State of Texas with its principal place of business at 5800 N. Course Drive, Houston, Texas 77072-1613.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

9. Defendant left the following messages on Plaintiff's voice mail on his telephone on or about the dates stated:

<u>June 20, 2011 at 1:28 p.m.</u>
"This is a message is for Vincent Liggio. I need you to return my call. My name is Stuart Henry with United Recovery Systems. My number is (866) 787-0790, extension 2410."

<u>June 29, 2011 at 3:04 p.m.</u>
"Hi this message is for Vincent Liggio. Vincent ,this is Meryl Billy. If you can get back with me here in the office (866) 787-0790, extension 2713."

<u>July 6, 2011 at 12:29 p.m.</u>
"This message is for, uh, Vincent Liggio. It's Meryl Billy. The number that I can be reached is (866) 787-0790, and my extension's 2713."

10. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

11. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006).

12. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

13. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

14. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

15. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

16. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Dokumaci v. MAF Collection Servs.*, 2011 U.S. Dist. LEXIS 22390 (M.D.Fla. Mar. 4, 2011); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (N.D.Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D.Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

17. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

18. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D.Cal. 2007).

Case 8:11-cv-01850-SCB-MAP   Document 1   Filed 08/16/11   Page 5 of 6 PageID 5

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

19. Plaintiff incorporates Paragraphs 1 through 12 as set forth above.

20. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. A declaration that Defendant's practices violate the FCCPA;

d. Permanently enjoining Defendant from engaging in the complained of practices; and

e. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

21. Plaintiff demands trial by jury.

                THE CONSUMER RIGHTS LAW GROUP, PLLC

By: /s/ James S. Giardina
James S. Giardina, Esq.
*Trial Counsel*
FBN: 0942421
3104 West Waters Ave., Suite 200
Tampa, FL 33614
Tel: 813-413-5610 (direct)
Fax: 866-535-7199
*Attorneys for Plaintiff*